1

2

3

4

5

6

UNITED STATES DISTRICT COURT

7

EASTERN DISTRICT OF CALIFORNIA

8

9  WENDY WEINLE,                                      1:19-cv-00122-JDP

10              Plaintiff,                            ORDER ON SOCIAL SECURITY APPEAL

11       v.                                           ORDER DENYING APPEAL AND
                                                      ORDERING THAT THE CLERK'S OFFICE
12  COMMISSIONER OF SOCIAL                            ENTER JUDGMENT IN FAVOR OF
    SECURITY,                                         RESPONDENT AND CLOSE THIS CASE
13              Defendant.

14

15

16       Claimant has requested judicial review of the Social Security Administration's ("SSA")

17  denial of his application for disability insurance benefits.  On March 28, 2020, we heard argument

18  from the parties.  Because we conclude that the administrative law judge ("ALJ") provided clear

19  and convincing reasons for discounting claimant's testimony, we affirm the decision below and

20  order that the clerk's office enter judgment in favor of respondent.

21  **DISCUSSION**

22       Claimant filed a disability application in June 2015 identifying a variety of impairments,

23  including obesity, degenerative disc disease, depression, and chronic headaches.  In 2017,

24  following a hearing, the ALJ found that claimant retained the residual functional capacity to

25  perform light work.  AR 18.  The issues before us are whether the ALJ improperly discounted

26  claimant's symptom testimony and, if so, what remedy is required.  We have jurisdiction under

27  42 U.S.C. § 405(g), pursuant to which we ask whether substantial evidence supports the ALJ's

28  factual findings and whether the ALJ's decision conformed with applicable law.

1   The parties' original briefing suggested some contest over the appropriate standard of

2   review, but at oral argument the parties agreed that the Ninth Circuit's standard—rather than

3   something less demanding—governs how an ALJ must treat a claimant's testimony: "if the ALJ's

4   credibility analysis of the claimant's testimony shows no malingering, then the ALJ may reject

5   the claimant's testimony about severity of symptoms with specific findings stating clear and

6   convincing reasons for doing so." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196

7   (9th Cir. 2004) (citations and internal quotation marks omitted).

8   The ALJ's opinion met this standard.  While "[t]he clear and convincing standard is the

9   most demanding required in Social Security cases," *Moore v. Comm'r of Soc. Sec. Admin.*, 278

10   F.3d 920, 924 (9th Cir. 2002), the ALJ's discussion contained more than sufficient clarity and

11   specificity to meet these demands.  Much of the ALJ's discussion of the residual functional

12   capacity finding—a discussion that runs ten pages, *see* AR 21-31—concerns claimant's own

13   symptom testimony and the ALJ's reasons for partially discounting it.  Those specific reasons

14   include the fact that claimant "reported she is able to do limited errands such as going to the Post

15   Office or grocery store without assistance" and "can drive short distances and does light

16   household chores for about 10 minutes at a time without assistance," AR 22; and the fact that

17   claimant "stated that she could cook, do laundry, shop, bathe, drive, brush her teeth, and dress,"

18   AR 23.  The ALJ also noted several points of tension with the objective evidence, including the

19   fact that claimant's "back and left leg pain has been treated conservatively with pain medications,

20   and she has not been referred for more aggressive treatment, such as injections or surgery"; the

21   fact that an "MRI of her lumbar spine showed only moderate degenerative disc disease, and no

22   herniations or stenosis"; the fact that "she has continuously had normal strength, sensation, and

23   deep tendon reflexes"; and the fact "treatment notes also reflect her pain medications have been

24   helpful, she has remained active, and she is independent with her personal care and household

25   chores."  AR 29.

26   This combination of subjective and objective reasons is sufficiently specific, clear, and

27   convincing to pass muster under Ninth Circuit law.  *See Adams v. Saul*, 808 F. App'x 457 (9th

28   Cir. 2020) ("The ALJ gave specific, clear and convincing reasons for discounting [claimant's]

testimony regarding the severity of his symptoms, including that it was not supported by the longitudinal objective medical record, and that [the] testimony was inconsistent with his reports to medical providers."); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("The ALJ pointed to specific evidence in the record . . . in identifying what testimony was not credible and what evidence undermined [claimant's] complaints.").

The ALJ's decision offered clear and convincing reasons for discounting claimant's testimony, and does not contain the errors that claimant alleges.  The clerk of court is thus directed to (1) enter judgment in against claimant and in favor of the Commissioner and (2) close this case.

IT IS SO ORDERED.

Dated:   July 1, 2020

UNITED STATES MAGISTRATE JUDGE

No. 205.